IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

NITA KAY BRIDGER-RILEY a/k/a KAY BRIDGER RILEY, ERIN BORDELON f/k/a ERIN BRIDGER-RILEY, SHANNON BRIDGER-RILEY, AND TULSA COUNTY, OKLAHOMA,

    Defendants.

Case No.14-CV-654-JHP-FHM

## OPINION AND ORDER

Plaintiff's Motion to Compel Discovery Responses, [Dkt. 25], is before the undersigned United States Magistrate Judge for decision. The matter has been fully briefed.

Plaintiff's motion seeks an order compelling Defendants[1] to answer interrogatories and produce requested documents, including documents identified in Defendants' initial disclosures, business records Defendants promised to produce in lieu of answering interrogatories, documents responsive to requests for production of documents concerning federal tax liabilities and trust fund recovery penalties, and documents responsive to discovery requests concerning affirmative defenses. Defendants responded, asserting that Plaintiff failed in its obligation to meet and confer about the discovery disputes in a good faith effort to resolve the disputes without court intervention.[2] Defendants further assert

---

[1] Throughout this Opinion and Order, the reference to Defendants means Nita Kay Bridger-Riley, Erin Bordelon, and Shannon Bridger-Riley.

[2] The court is satisfied that counsel for Plaintiff made an attempt to comply with the obligation to meet and confer in good faith to resolve discovery disputes.

that since the filing of the Motion to Compel they have produced over 4,000 documents which they claim renders much of the discovery dispute moot. They also assert that their objections to discovery were timely[3] and proper. In addition, they claim that deferring responses to contention interrogatories and requests for production until discovery is complete is appropriate.

In its reply brief Plaintiff asserts that despite Defendants' production, there remain numerous outstanding issues: Defendants produced business records, but did not specify which documents were responsive to each interrogatory; some interrogatories remain unanswered or unsupplemented; the contention interrogatories were not objectionable; Defendants failed to identify whether any documents were withheld on the basis of an objection; production was limited to documents that are "materially responsive" and to documents that are in Defendants' possession, rather than under Defendants' possession, custody, or control; and Defendants have not responded to some document requests.

## **Discussion**

Due to the large number of objections asserted on every discovery request, the structure of the arguments presented by the parties, the difficulty of wading through the voluminous attachments to the parties' briefs, and the obvious lack of cooperation between counsel, rather than addressing individual discovery requests, for the most part the court will proceed to dispose of this motion by way of addressing categories of objections and providing specific instructions as to what is required by Defendants to meet their obligations to respond to discovery.

---

[3] The court has not addressed the timeliness of the responses. This order is based entirely on the content of Defendants' objections.

**Defendants "General Objections" to Discovery Requests**

Defendants' responses to discovery requests begin with a set of "general objections" that set out the scope of the defendants' responses. [Dkt. 25-8, pp. 2-10; Dkt. 25-9, pp. 2-4; Dkt 25-10, pp. 2-4]. Additional objections of overbreadth and burdensomeness are asserted to nearly every individual discovery request. The court views such overarching and non-specific objections with disfavor. When an interrogatory is answered "subject to" a list of such objections, the court and opposing party cannot tell whether information has been withheld.

Since every interrogatory was answered subject to such objections, the interrogatory responses are practically meaningless. Defendants are therefore required to submit amended interrogatory responses and to answer each interrogatory in narrative form, omitting pro forma objections and referring specifically to particular documents as necessary to make the answer clear and complete. The amended interrogatory responses are to include any additional information obtained from review of the James, Potts & Wulfers records. Fed.R.Civ.P. 26(e)(1) imposes the obligation to supplement discovery responses with additional or corrective information obtained through the discovery process, therefore it is not necessary for Defendants to reserve the right to supplement.

**Contention Interrogatories**

Defendants objected to some interrogatories on the basis that the interrogatories are "contention interrogatories." Although contention interrogatories[4] are sometimes

---

[4] A difficulty can arise with so-called "contention" interrogatories when a party is asked to identify *all* persons with knowledge or *all* facts or *all* documents in a complicated case. Such interrogatories have the potential of creating an atmosphere where a lawsuit related to discovery can develop when one party believes the duty to supplement has not been met. Although Plaintiff used the word "all" in some of the discovery

3

objectionable, Defendants have not demonstrated that the subject interrogatories are problematic. In addition, the court notes that contention interrogatories are addressed in Fed.R.Civ.P. 33(a)(2), which provides in relevant part:

> An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time.

The court has not been requested to order that answers to any interrogatories be delayed. Defendants' response brief is not persuasive that such delay is appropriate. Defendants are therefore required to answer the interrogatories they claim are contention interrogatories. Further, Defendants are required to answer all interrogatories even though answering the interrogatories as to each affirmative defense may be viewed as exceeding twenty-five interrogatories as Defendant Nita Kay Bridger-Riley argued in her response to Interrogatory No. 19 and the other defendants argued in response to Interrogatory No. 12. [Dkt. 25-8, pp. 28-30; 25-9, pp. 18-20; Dkt. 25-10, pp. 17-19].

## Production of Business Records

Fed.R.Civ.P. 33(d) permits the production of business records in answer to interrogatory questions. However, the answering party is required to specify which records are responsive to the interrogatory. Fed.R.Civ.P. 33(d)(1). To the extent Defendants produced documents in response to interrogatories without specifying particular records, the court finds that Defendants failed to answer the interrogatories. Defendants'

---

requests, Defendants have not demonstrated that this case is so complicated or so document intensive that responding to those requests is overly burdensome.

interrogatory responses that refer to documents must specifically identify documents that contain answers to each interrogatory.

**Interrogatory No. 2 Seeking Banking Records**

Interrogatory No. 2 directed to Defendants Erin Bordelon and Shannon Bridger-Riley seeks information regarding their bank accounts. Both of these defendants have stated that they have not made any payment of money toward the purchase, operation, renovation, or maintenance of the house they own in joint tenancy with Defendant Nita Kay Bridger-Riley. Based on the representation that they have paid no money toward the purchase or upkeep of the house and Plaintiff's argument that the requested information is "necessary to determine the extent to which they have contributed to the ownership and maintenance of the property at issue," [Dkt. 25, p. 20], the court finds that information concerning the financial records of these two defendants is outside of the scope of discovery. Accordingly, the Motion to Compel is DENIED as to Interrogatory No. 2 to Defendants Erin Bordelon and Shannon Bridger-Riley.

The motion as to Request for Production of Documents No. 5 directed to these same two defendants is denied for the same reason.

**Supplemental Interrogatory Responses**

Since Defendants are required to submit amended interrogatory responses to include information contained in the documents obtained from James, Potts & Wulfers, the need to supplement interrogatory responses is eliminated, except as further required going forward under Fed.R.Civ.P. 26(e)(1).

**Initial Disclosures**

Defendants are required to produce all documents promised in connection with initial disclosures.

**Requests for Production Nos. 14-20**

These Requests for Production of Documents are directed to Defendant Nita Kay Bridger-Riley and seek information beyond the temporal scope of the allegations in the Complaint, which address tax obligations for the years from 2003 to 2007. [Dkt. 25-8, pp. 37-44]. Defendant objects to the production as being outside the scope of the allegations and thus irrelevant. Defendant also asserts that production would be unduly burdensome. Plaintiff argues that the documents are relevant to Defendant's intent and willfulness in regard to the allegations in the Complaint.

Defendant has not demonstrated that production of this information would be unduly burdensome. Further, the information is relevant for discovery purposes. Defendant is therefore required to produce responsive documents.

**Supplemental Responses to Requests for Production of Documents**

Many of the written responses to Requests for Production contain the statement that Defendant will permit inspection of "all non-privileged documents that are materially responsive to this Request for Production to the extent that such documents exist, are known by Defendant to exist, and are in Defendant's possession, custody, or control." [Dkt. 25-8, pp. 31-35]. The quoted statement is nonsensical when read in conjunction with the actual requests for production which include requests for: all documents identified in your initial disclosures; documents reviewed or relied upon to respond to interrogatories or

requests for admission; and federal tax returns. *Id.* Defendants certainly know whether such documents exist. The inclusion of such disclaimers fosters distrust that all responsive documents have been produced.

Defendants are required to submit amended written responses to Requests for Production of Documents, omitting such disclaimers. If no responsive documents exist, Defendants are required to so state. Further, to the extent any items are withheld under a claim of privilege, Defendants are required to provide a privilege log in compliance with Fed.R.Civ.P. 26(b)(5) and LCvR 26.4.

## **Conclusion**

Plaintiff's Motion to Compel, [Dkt. 25], is GRANTED in PART and DENIED in PART as outlined herein. Defendants are required to serve their amended responses and produce documents as outlined herein on or before the 6th day of August, 2015.

Defendants are advised that failure to comply with this order risks the imposition of serious sanctions under Fed.R.Civ.P. 37(b)(2)(A).

SO ORDERED this 23rd day of July, 2015.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

7